943 So.2d 866 (2006)
AEROSPACE ACCESSORY SERVICE, INC., Appellant,
v.
Roberto ABISEID, Appellee.
No. 3D05-2298.
District Court of Appeal of Florida, Third District.
November 15, 2006.
*867 Roderick F. Coleman, Boca Raton, for appellant.
Fowler White Burnett and David A. Friedman and Robert S. Tanner, Ft. Lauderdale, for appellee.
Before GERSTEN and FLETCHER, JJ., and SCHWARTZ, Senior Judge.
FLETCHER, Judge.
Aerospace Accessory Service, Inc. seeks review of a final judgment in an action for breach of fiduciary duties by one of its directors, Roberto Abiseid. We reverse the judgment.
Abiseid was an officer, director and salesperson for Aerospace. He earned a ten (10%) percent commission, on services and parts he sold upon receipt of payment from the customer. International Aero Components [IAC] was one of Aerospace's customers.
Abiseid received a specific corporate directive from Aerospace's president, Armando Chapeli, and the board of directors of Aerospace, prohibiting Abiseid from extending additional credit to its customer IAC. The prohibitory directive was issued because IAC's account with Aerospace was delinquent in the amount of $25,000. Despite having knowledge of the corporate directive Abiseid extended an additional $65,000 credit to IAC. Subsequently IAC filed for Chapter 11 bankruptcy, thus Abiseid's noncompliance with the directive caused Aerospace to suffer an additional financial loss. Aerospace filed this action seeking recovery from Abiseid of the money lost through his noncompliance.
As a director of Aerospace, in his defense Abiseid seeks to burrow under the protective blanket of section 607.0831, Florida Statutes (2005), the codification of the "business judgment rule." This rule creates a limited presumption of correctness in corporate directors' decisions. Section 607.0831(1)(a), (1)(b)(2), Florida Statutes states in relevant part:
"(1) A director is not personally liable for monetary damages to the corporation or any other person for any . . . decision . . . regarding corporate management or policy, by a director, unless:
(a) The director breached or failed to perform his or her duties as a director; and
(b) The director's breach of, or failure to perform, those duties constitutes:
2. A transaction from which the director derived an improper personal benefit, either directly or indirectly . . . "
Abiseid argues that he received no benefit from his noncompliance with the directive and is protected from liability to Aerospace by section 607.0831(1)(a), (1)(b)(2).
Abiseid's argument misses the point. The protected directors' decision is not his unilateral action, but that of the president and board of directors of Aerospace which directed all Aerospace personnel not to extend credit to IAC. Abiseid's unilateral action in direct conflict with the protected decision of the board of directors is not itself protected by section 607.0831(1)(a), (1)(b)(2). Abiseid's violating the corporate decision is nothing more than a breach of that corporate decision.
If we accepted Abiseid's argument we would be granting an individual director the authority to veto corporate policy. Corporate chaos would be the result, as each director could act on his own whim. *868 Certainly section 607.0831(1)(a), (1)(b)(2) was not enacted in order to create situations wherein a director could individually repeal duly established corporate policy and escape liability for damages caused by his or her unilateral action.
The final summary judgment is reversed and this cause is remanded for further proceedings consistent herewith.